UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

DELFINA SERNA, on behalf of herself and all others
similarly situated,

    Plaintiffs,

v.

STRADA SERVICES INC., A Florida
 Profit Corporation,

    Defendant.

_____/

## FLSA COLLECTIVE ACTION COMPLAINT

Plaintiff ("Plaintiff"), DELFINA SERNA ("Serna" or "Plaintiff') on behalf of herself and

all employees similarly situated, by and through her undersigned counsel, hereby files this FLSA

Collective Action Complaint against Defendant, STRADA SERVICES INC. ("Strada" or

"Defendant") a Florida for Profit Corporation, and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action to recover money damages for unpaid overtime wages under the

laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 201-219 (29 U.S.C. §216 for jurisdictional placement) ("the FLSA").

2.     Venue is proper in the United States District Court for the Middle District of Florida

pursuant to 28 U.S.C. § 1391, because Defendant maintains an office in this district and division,

and because a substantial part of the events giving rise to the claims occurred in this district and

division.

3.      The Defendant was at all times material hereto doing business within the jurisdiction of the District Court of the Middle District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

4.      This action is brought by Plaintiff and other similarly situated employees to recover from Defendant unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b).

6.      Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

7.      At all times pertinent to this Complaint, Defendant operated as an organization which performs electrical work within the State of Florida and otherwise regularly engages in interstate commerce.

8.      Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000.00 per annum.

9.      By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

10.     The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by the Plaintiff and other similarly situated employees. Plaintiff and those similarly situated are "employees" of Defendant.

## STATEMENT OF FACTS

11.     Defendant operates a large scale electrical company based in Sanford, Florida, and has offices and locations throughout Florida.

12.     At any given time, Defendant employs between thirty (30) to fifty (50) electricians like Plaintiff.

13.     During the relevant limitations period, Defendant has employed numerous piece rate/hourly paid electricians, which Plaintiff estimates to be in excess of one hundred (150) or more, during the relevant period.

14.     Defendant's piece rate paid/hourly paid electricians are the backbone of the company, providing Defendant's services to the public.

15.     Plaintiff was hired by Defendant in June 2018 to work as a non-exempt electrician, performing electrical related duties and paid on a piece-rate and hourly basis, at its Tampa, Florida location.

16.     From at least June 2018 and continuing through November 2018, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

17.     At various times hereto, Plaintiff and those employees similarly situated worked approximately between fifty (50) and sixty (60) hours per workweek for Defendant.

18.     Plaintiff and those similarly situated were paid piece-work or piece-rate pay based on the work completed, and sometimes on an hourly basis.

19.     Defendant failed to properly account for all of Plaintiff's hours worked, and likewise failed to properly pay overtime compensation as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff will seek conditional certification and notice to an opt-in class of all electricians paid on a piece-work or piece-rate basis and hourly basis, pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

21.     Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

22.     Plaintiff files this action on behalf of herself and all similarly situated individuals.

23.     The similarly situated employees are:

> **All electricians paid on a piece-work or piece-rate basis, hourly basis and/or salary by the Defendant in the State of Florida during the period commencing three (3) years (plus any applicable tolling)immediately preceding the filing of this case forward.**

24.     Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

25.     Plaintiffs and the putative class members worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

26.     Defendant did not pay Plaintiff or the putative class members full and proper overtime premiums for their overtime hours worked.

27.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

28.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the putative class members. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT

30.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

31.     During the material time period Plaintiff and similarly situated employees were employed as electricians, and all performed these services on behalf of the Defendant.

32.     During the material time period Plaintiff and similarly situated employees were paid on a piece-work or piece-rate basis and/or hourly basis, and regularly worked in excess of forty (40) hours per week.

33.     Plaintiff and similarly situated employees were not paid overtime wages for overtime hours worked in excess of forty (40) hours weekly as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

34.     At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and similarly situated

employee's overtime compensation to which they were lawfully entitled for the period of time each work week they performed labor on behalf of Defendant.

35.    Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 C.F.R §516.

36.    Defendant intentionally and willfully failed to pay Plaintiff and similarly situated employees their overtime wages.

37.    Defendant did not maintain accurate records of the hours worked by Plaintiff and he putative class.

38.    The failure to maintain such records and to pay overtime shows reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. It further shows that the Defendant did not act in good faith when it refused and failed to pay appropriate overtime.

39.    Piece-work or piece-rate basis and/or hourly paid electricians were victims of a common and illegal policy and plan by Defendant to deny them overtime compensation required by the FLSA.

40.    Defendant remains owing Plaintiff and similarly situated employees these overtime wages since the commencement of Plaintiff's and similarly situated employees' employment with Defendant as set forth above, and Plaintiff and similarly situated employees are entitled to recover double "liquidated" damages.

41.    Plaintiff has retained the law firm of Richard Celler Legal, P.A. to represent her and has incurred attorneys' fees and costs in bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief as follows:

(a)      Certification of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b)      Judgment against Defendant in the amount of Plaintiff's and the putative class members' unpaid overtime wages at the applicable overtime rates;

(c)      An additional and equal amount as liquidated/statutory damages under 29 U.S.C. § 216(b);

(d)      A finding that Defendant's violations of the FLSA were willful;

(e)      All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(f)      An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

(g)      Leave to add additional plaintiffs by motion, if necessary, the filing of written consent forms, or any other method approved by the Court; and

(h)      All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable,

except those issues expressly reserved by law for determination by the Court.

Dated this 22nd  day of November, 2019.

Respectfully submitted,

*/s/Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Suite 230
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*