UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELFINA SERNA,

    Plaintiff,

v.                                          Case No. 8:19-cv-2891-T-60CPT

STRADA SERVICES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is the parties' *Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice*. (Doc. 39). For the reasons discussed below, I respectfully recommend that the parties' joint motion be granted.

I.

Plaintiff Delfina Serna initiated this collective action in November 2019 against her former employer, Defendant Strada Services, Inc. (Strada), seeking to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. (Doc. 1). Laiza Serna, William Delgado, and Nicholas Carrington later joined the case (Docs. 3, 12, 26), but Delgado and Carrington ultimately opted-out,

leaving only Delfina and Laiza Serna (hereinafter, the Plaintiffs) remaining (Docs. 14, 36).

In December 2019, the Plaintiffs elaborated upon their allegations and damages calculations in response to the standard interrogatories propounded by the Court in FLSA matters. (Docs. 7, 10, 11). Of relevance here, the Plaintiffs claimed that they were employed by Strada for an approximately twenty-six week period between in or around June 2018 and November 2018 and that they worked an average of twenty-five hours of overtime per week during that time frame. (Docs. 10, 11). As a result, the Plaintiffs asserted that they were entitled to a total of $15,002 in unpaid wages,[1] plus an equal amount in liquidated damages, as well as attorneys' fees and costs. *Id.* In its answer, Strada denied the Plaintiffs' averments and raised several affirmative defenses, including that neither Plaintiff worked for Strada for more than one month. (Doc. 13).

In October 2020, the parties reached a resolution of the Plaintiffs' FLSA claims (Doc. 28 at 2) and, by way of their instant motion (Doc. 39), now seek approval of their settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Under the terms of that agreement, Strada is to pay each Plaintiff $750 in unpaid overtime wages and an equal sum in liquidated damages, for a total amount of $1,500. *Id.* In addition, the parties stipulate that Strada will

---

[1] This figure was comprised of $5,999.50 in unpaid wages for Delfina Serna and $9,002.50 in unpaid wages for Laiza Serna.

compensate Plaintiffs' counsel $5,000 to cover their attorneys' fees and costs. *Id.* The agreement also contains a provision by which the Plaintiffs will release Strada "of and from all claims brought for overtime compensation under the [FLSA]." (Doc. 39-1 at 2).

I conducted a hearing on the matter on December 29, 2020, and the matter is now ripe for the Court's consideration.

II.

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *Lynn's Food*, 679 F.2d at 1352. To further this Congressional purpose, the Supreme Court has placed "limits on the ability of private parties to settle FLSA lawsuits." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 704–05 (1945)).

In FLSA actions brought directly by current and former employees for unpaid wages, district courts must scrutinize the parties' settlement "for fairness" before dismissing an action. *Id.* at 1306–07 (quoting *Lynn's Food*, 679 F.2d at 1353). Specifically, courts must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Sanchez v. M&F, LLC*, 2020 WL 4671144, at *3 (M.D. Fla. Aug. 12, 2020) (quoting *Lynn's Food*, 679 F.2d at 1355).

District courts are afforded discretion in deciding whether to approve FLSA settlements. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir.

2013) (per curiam) (citing *Faught v. Am. Home Shield Corp.*, 668 F.3d 1223, 1240 (11th Cir. 2011)).[2] If a court finds that such a settlement reflects a fair and reasonable compromise of the contested issues, it may approve the agreed-upon resolution "to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354.

In rendering such a determination, courts within this district often consider the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citation omitted).

By my consideration, factors one, two, three, and six weigh in favor of approving the settlement agreement between the Plaintiffs and Strada. The main issue presented here implicates the fourth and fifth factors, which appear to have significantly affected the Plaintiffs' decision to accept far less than the approximately $31,004 in damages they claimed in their responses to the Court's interrogatories. As noted above, the Plaintiff have instead agreed to resolve their FLSA claims for only $3,000—a sum that is less than ten percent of their original figure.

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

At the hearing, the parties' attorneys offered several justifications for this reduced amount. They explained that the Plaintiffs' interrogatory responses were tendered before the parties had exchanged their initial discovery materials and that, upon review of those items, the Plaintiffs identified a significant difference between the number of overtime hours they had claimed and those they had actually worked. The lawyers also explained that the discovery revealed the Plaintiffs had been paid proper overtime wages for many of the overtime hours they did perform and that it additionally showed their tenure at Strada to be far shorter than they had initially alleged.

Based upon these representations, as well as the other information before the Court, I find that a sufficient basis exists for approving the parties' settlement agreement. Not only does their compromised damages figure appear to be adequately supported, but—as decisions issued in this District have recognized—an FLSA settlement "will, almost by definition, be reasonable" where, as here, "the parties are represented by competent counsel in an adversary context." *Dees*, 706 F. Supp. 2d at 1241 (quoting *Bonetti*, 715 F. Supp. 2d at 1227). Accordingly, I find that the parties' agreed-upon resolution of the Plaintiffs' FLSA claims for the total sum of $3,000 is fair and reasonable.

The fact that the parties' settlement agreement includes a release provision does not alter my conclusion. (Doc. 39-1 at 2). By my reading, this provision is not the type of general or extensive release that courts have found to be anathema to the

FLSA. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–52 (M.D. Fla. 2010). Unlike the "pervasive and unbounded" release at issue in *Moreno*, which called for the plaintiff to surrender "a dizzying array of claims, known and unknown, against the defendant," *id.* at 1350, 1353, the Plaintiffs are not required to relinquish their right to pursue unknown claims unrelated to their unpaid wage claims (Doc. 39-1 at 2). As such, the release clause does not undermine the fairness or reasonableness of the parties' agreed-upon resolution. *See, e.g., Dumas v. 1 Able Realty, LLC*, 2018 WL 1791534, at *3 (M.D. Fla. Apr. 12, 2018) (approving FLSA release that did not require the plaintiff to release all claims, but only those related to the plaintiff's employment with the defendant that were averred in the complaint), *report and recommendation adopted*, 2018 WL 1791535 (M.D. Fla. Apr. 16, 2018); *Cooper v. Garda CL Se., Inc.*, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding a release to be reasonable where it was limited "to federal and state law wage and overtime claims existing at the time of the settlement").

With respect to the matter of attorneys' fees and costs, the FLSA requires the Court to review the reasonableness of the proposed fee amount "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). Here, the parties state that the stipulated sum of $5,000 to be paid to the Plaintiffs' counsel was negotiated separately from the Plaintiffs' recovery and without regard to the settlement amount for their

overtime claim. The parties also confirmed at the hearing that this figure is less than what counsel could have sought under the lodestar method if the Plaintiffs prevailed at trial. Under the circumstances presented, these representations are sufficient. *See Bonetti*, 715 F. Supp. 2d at 1228 (providing that the reasonableness of the parties' agreed-upon attorneys' fee amount may be established by the parties' representation that they stipulated to this figure separately and without regard to the sum paid to settle the plaintiff's FLSA claim).

III.

For the reasons set forth above, I recommend that the Court:

1. Grant the parties' *Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice* (Doc. 39);

2. Approve the parties' settlement agreement (Doc. 39-1);

3. Dismiss this action with prejudice; and

4. Direct the Clerk of Court to terminate any pending motions and deadlines and to close the case.

Respectfully submitted this 8th day of January 2021.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record